UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-00110-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JORGE BERNAL FARIAS, | |
| Defendant. | |

    This matter is before the Court on Defendant Jorge Bernal Farias's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF No. 184.) The Government filed an opposition. (ECF No. 188.) Defendant filed a reply. (ECF No. 190.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2018, Defendant pleaded guilty to unlawful use of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b). (ECF No. 141.) On June 6, 2019, the Court sentenced Defendant to a 48-month term of imprisonment to be followed by a 12-month term of supervised release. (ECF No. 167.) Defendant is currently serving his sentence at USP Atwater. He has served approximately 21 months of his sentence, and his projected release date after application of good conduct time is November 26, 2022. On April 5, 2021, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 184.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.*)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on October 27, 2020. (ECF No. 188 at 3.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant argues that he previously contracted COVID-19 and his ongoing imprisonment increases his risk of contracting COVID-19 again.  (ECF No. 184 at 1, 5.)  Defendant argues in vague terms about "the danger of reinfection for those who have previously contracted COVID-19," but fails to cite any scientific basis for this assertion or a specific medical condition that puts him at greater risk of future COVID-19 complications.  (*Id.* at 7.)  The Government emphasizes that Defendant "apparently recovered from [COVID-19] without significant consequence." (ECF No. 188 at 6.)  The Government also notes Defendant received his first dose of the Moderna vaccine and is due to receive the second dose in the coming weeks.  (*Id.*)  Because Defendant has not provided evidence as to the existence or severity of any specific risk factors, Defendant has not met his burden to show that he actually suffers from a serious medical condition that makes him more vulnerable to COVID-19.  Finally, it bears mentioning that the BOP currently reports zero active cases of COVID-19 at Defendant's facility.  Federal Bureau of Prisons, COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited April 27, 2021).  As

such, Defendant's arguments are arguably too speculative at this time.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court denies Defendant's request for compassionate release because Defendant has not shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors. *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 184.)

IT IS SO ORDERED.

DATED: April 28, 2021

Troy L. Nunley
United States District Judge